[Civ. No. 9266. Third Dist. Jan. 24, 1958.]

WILLIAM C. FAIRCHILD, Appellant, v. VAN DE NOR LUMBER COMPANY (a Corporation), Respondent.

Mathews & Traverse and Francis B. Mathews for Appellant.

Woodman, Leddy & Sautter for Respondent.

VAN DYKE, P. J.—It appears herein that plaintiff-appellant's assignor, Fairchild and Black, rented a tractor to Ronfeldt and Frazier for a rental of $300 per week; that Fairchild and Black owed money to Howard-Cooper Corporation; that Ronfeldt and Frazier were delivering logs to Van De Nor Lumber Company. Under these circumstances, and under date of October 28, 1954, Ronfeldt and Frazier ad-

dressed a communication to Van De Nor Lumber Company, reading as follows:

"Van De Nor Lumber Company
 Arcata, California
 Gentlemen:

"We, the undersigned, have made an agreement with Fairchild and Black, Arcata, California, to pay to Howard-Cooper Corporation of California, Eureka, California the sum of $300.00 each week for three months.

"This payment is to be made from logs delivered by us to your company and should be deducted from our account and paid to Howard-Cooper Corporation of California before any payment is made to us. This should be made each week and mailed to Howard-Cooper Corporation of California, Box 161, Eureka, California.

"You may use this as your authorization to proceed as outlined above.

Signed,

Van De Nor Lumber Company
D. S. Norris
_____

Ernie Ronfeldt
Ernie Ronfeldt
_____

Harold Frazier
Harold Frazier"
_____

Van De Nor Lumber Company accepted the order on October 30th. Thereafter and as logs were delivered Van De Nor Lumber Company made a number of payments to Howard-Cooper Corporation. Then Howard-Cooper Corporation instructed Van De Nor Lumber Company to make all further payments to Fairchild and Black and within the unexpired period of the order Van De Nor Lumber Company did make payments to Fairchild and Black. Fairchild and Black, claiming that they had not received all the money accruing to them, assigned their claim to plaintiff-appellant herein who brought this action against Van De Nor Lumber Company.

The trial court found that on October 22, 1954, Fairchild and Black, as lessors, had leased to Ronfeldt and Frazier a tractor at a weekly rental of $300 per week; that thereafter Fairchild and Black assigned to Howard-Cooper Corporation their right for three months to receive the sum of $300 a week and that the assignment was accepted by Ronfeldt and

Frazier; that on October 30, 1954, the document above quoted was executed by Ronfeldt and Frazier and Van De Nor Lumber Company; that on December 14, 1954, Howard-Cooper Corporation executed a document, wherein it notified Van De Nor Lumber Company ''of the reassignment of moneys to be due from Ernie Ronfeldt and Harold Frazier''; that Ronfeldt and Frazier delivered logs to Van De Nor Lumber Company as shown upon an accounting exhibit incorporated in the findings; that the accounting exhibit showed the amount of moneys due from Van De Nor Lumber Company to Ronfeldt and Frazier for each week for logs delivered for such week; that Van De Nor Lumber Company paid Howard-Cooper Corporation a certain sum of money and after the receipt by it of the notice of reassignment Van De Nor Lumber Company paid additional money to plaintiff's assignor Fairchild and Black; that during the three months' period of the assignment and pursuant to its terms Van De Nor Lumber Company paid all moneys due thereunder to Howard-Cooper Corporation and all moneys due thereunder to Fairchild and Black, save $415.02 for which the court gave judgment. By this appeal plaintiff claims that moneys were owing to him in excess of the sum so awarded to him. He took the appeal on the judgment roll alone and that judgment roll is the only record presented to this court.

The accounting exhibit incorporated in the findings reads as follows:

''STATEMENT OF LOGS DELIVERED BY RONFELDT & FRAZIER

| WEEK ENDING | | NET FOOTAGE | AMOUNT |
|---|---|---|---|
| 11-6 | 1954 | 26,654' | $1386.01 |
| 11-13 | " | 2,433' | 126.52 |
| 11-20 | " | None | None |
| 11-27 | " | 5,584' | 290.37 |
| 12-4 | " | 16,849' | 876.15 |
| 12-11 | " | 26,703' | 1388.56 |
| 12-18 | " | None | None |
| 12-25 | " | None | None |
| 1-1 | 1955 | 15,985' | 831.22 |
| 1-8 | " | 23,177' | 1205.20 |
| 1-15 | " | 37,912' | 1971.42 |
| 1-22 | " | 14,969' | 778.39 |
| 1-29 | " | 15,286' | 794.87 |
| 2-5 | " | 20,432' | 1062.46 |
| 2-12 | " | 33,341' | 1733.73 |
| 2-18 | " | 12,016' | 624.83 |
| | | 251,341' | $13,069.73'' |

It is apparent from the findings that the trial court construed the first assignment contract as requiring that Van De Nor Lumber Company should, each week, pay out for Ronfeldt and Frazier from its account with them for logs delivered during the week all sums earned up to $300 and no more. Computations based on the accounting exhibit show that under that interpretation Van De Nor Lumber Company was obligated to pay to Howard-Cooper Corporation up to the time it reassigned to Fairchild and Black the sum of $300 for the first week; $126.52 for the second week, nothing for the third week during which no logs were delivered, $290.37 for the fourth week, $300 for the fifth week and $300 for the sixth week. At this point the Howard-Cooper Corporation reassigned to Fairchild and Black and for the first two weeks thereafter Ronfeldt and Frazier delivered no logs. For each of the five remaining weeks of the assignment period, however, Ronfeldt and Frazier delivered logs in such quantity that for each week more than $300 was owing to them, and Van De Nor Lumber Company was, therefore, according to the court's construction of the contract, obligated to pay Fairchild and Black a total of $1,500. It, however, paid Fairchild and Black only $1,084.98, leaving the sum of $415.02 unpaid. For this sum the court gave judgment.

A reading of the basic document discloses that it is uncertain and ambiguous in its meaning as to how much money becoming due to Ronfeldt and Frazier for logs delivered to Van De Nor Lumber Company should be paid under the assignment. Appellant contends that the document required payments for the entire period of the assignment, totaling $3,900, providing only that over the whole period enough logs were delivered to earn that sum. On the other hand, the Van De Nor Lumber Company contended that the document called for weekly settlements of such nature that for each week's deliveries, however great, only $300 could be paid out; that if in any week deliveries earning less than $300 were made only the amount earned would be payable under the assignment; and that if in any week no deliveries were made, as in fact occurred from time to time, no moneys would be due under the assignment. ■ The situation was one where the trial court was called upon to construe an uncertain written contract. It was, therefore, entitled to call, insofar as necessary, permissible aids to construction, such as the circumstances attending the execution of the contract, testimony of acts and declarations of the parties under and concerning the

168

document and other matters. (Code Civ. Proc., § 1860; Civ. Code, § 1647; *Woodbine* v. *Van Horn*, 29 Cal.2d 95, 104 [173 P.2d 17].) On this judgment roll appeal we must assume that there was evidence warranting the court's construction of the contract as reflected in its findings. (*Transportation Guarantee Co., Ltd.* v. *Jellins*, 29 Cal.2d 242, 245 [174 P.2d 625].) Therefore, since the construction adopted is reasonable and does no necessary violence to the written words, we must accept that construction as proper and must, therefore, affirm the judgment.

The judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.